IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEFFREY E. STEVENS,

        Petitioner,    :    Case No. 3:16-cv-312

  - vs -        District Judge Thomas M. Rose
        Magistrate Judge Michael R. Merz

JASON BUNTING, WARDEN,
  Marion Correctional Institution,

              :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The case was filed in the United States District Court for the Northern District of Ohio and transferred to the Southern District by Judge Polster pursuant to 28 U.S.C. § 2241(d)(ECF No. 3, PageID 29).  The case is referred to the undersigned for report and recommendations pursuant to General Order Day 13-01.

**Procedural History**

The Petition avers that Mr. Stevens was convicted of various offenses, including

aggravated murder, in the Montgomery County Common Pleas Court in case No. 96 CR 395, and sentenced on November 5, 1996 (ECF No. 1, PageID 1.)  The conviction was affirmed on appeal.  *State v. Stevens,* 1998 Ohio App. LEXIS 1382 (Apr. 3, 1998).  The Ohio Supreme Court declined appellate jurisdiction on July 15, 1998. *State v. Stevens*, 82 Ohio St. 3d 1474 (1998). Stevens avers that he did not seek a writ of certiorari from the United States Supreme Court (Petition, ECF No. 1, PageID 3).

On January 8, 2014, Stevens avers he filed a "Motion for Sentencing and Allied Offense Determination" in the Montgomery County Common Pleas Court.  That court denied relief and the Ohio Second District Court of Appeals affirmed.  *State v. Stevens*, 2015-Ohio-2971,2015 Ohio App. LEXIS 2867 (2nd Dist. July 24, 2015), motion for delayed appeal denied, 144 Ohio St. 3d 1439 (2015).

## Analysis

Stevens pleads two grounds for relief:

> **Ground One:**  Conviction obtained in violation of due process wherein the sentence sought to be imposed by the state trial court patently exceeded its jurisdiction, was 'contrary to law,' declared void by operation of law and with which petitioner is deprived [of] his liberty without due process of law.  See U.S.C.A. Const. Amends. 6 and 14.

(Petition, ECF No. 1, PageID 9.)

> **Ground Two**:  Conviction obtained in violation of Fifth Amendment's prohibition against 'double jeopardy.'  See Ohio Revised Code § 2941.25(A) and (B) [the codification of the 5th Amendment right aforesaid].

2

*Id.* at PageID 14.

This Court is barred from considering Stevens' claims on the merits because (1) his Petition was filed many years after expiration of the statute of limitations, and (2) his claims are barred by his procedural default in presenting them to the Ohio courts. Each of these bars is discussed in turn.

**Statute of Limitations**

Federal habeas corpus petitions filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") are subject to a one-year statute of limitations which commences to run on the last of four possible dates. The default date is the date on which the conviction becomes final. In this case, that would be the date on which Stevens' right to file a petition for certiorari to the United States Supreme Court expired, which was October 13, 1998, ninety days after the Ohio Supreme Court declined jurisdiction. The statute of limitations therefore expired October 13, 1999. The Petition in this case was not filed until July 15, 2016.[1]

Stevens is aware of this difficulty, but asserts the statute of limitations does not apply because his judgment of conviction was entered by a state court acting without jurisdiction (Petition, ECF No. 1, PageID 9-14). He cites many Ohio cases to the effect that a judgment entered by a court without jurisdiction can be challenged at any time. *Id.* However he cites no cases, and none are known to this Court, which recognize a "voidness of the judgment" exception to the AEDPA statute of limitations.

---

[1] The Clerk of the Northern District docketed the Petition on July 21, 2016, but Stevens avers that he placed the Petition in the prison mailing system on July 15, 2016, and he is entitled to that filing date. *Houston v. Lack*, 487 U.S. 266 (1988).

Moreover, the question of whether a judgment is "void" for failure to include certain terms (e.g., in this case, the length of time before a defendant is eligible for parole), is a question of state law.  Federal habeas courts sit only to consider whether convictions violate the United States Constitution.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  In this particular case, the Second District Court of Appeals has decided that Stevens' claim raises a question of voidability, not voidness.  *State v. Stevens*, 2015-Ohio-2971 ¶¶ 10-11.  Thus even if there were an exception to the statute of limitations to allow consideration of void judgments, it would not apply here.

Because the Petition was filed many years after the statute of limitations expired, it should be dismissed with prejudice.

**Procedural Default**

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

4

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

In considering the two claims Stevens brings before this Court, the Second District Court of Appeals held that consideration on the merits was barred by Stevens' failure to raise them on direct appeal. The Second District concluded that both the claim about the form of the judgment (Ground One here) and the allied offenses claim (Ground Two here) were claims available to Stevens on direct appeal and therefore barred form merits consideration by Ohio's criminal *res judicata* doctrine announced in *State v. Perry,* 10 Ohio State 2d 175 (1967). *State v. Stevens*, 2015-Ohio-2971, ¶ 10.

Ohio's doctrine of *res judicata* in criminal cases, enunciated in *Perry,* is an adequate and independent state ground. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

5

**Conclusion**

Because merits consideration of the Petition herein is barred by the statute of limitations and by Petitioner's procedural default in presenting his claims to the Ohio courts, it is respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 25, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

'**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).