# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEFFREY E. STEVENS,

        Petitioner,    :    Case No. 3:16-cv-312

  - vs -                          District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

JASON BUNTING, WARDEN,
  Marion Correctional Institution,

                              :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Petitioner's Objections ("Objections," ECF No. 6) to the Magistrate Judge's Report and Recommendations recommending dismissal with prejudice ("Report" ECF No. 5). Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 7).

Petitioner Jeffrey Stevens was convicted of various offenses, including aggravated murder, in the Montgomery County Common Pleas Court and sentenced on November 5, 1996 (ECF No. 1, PageID 1). The conviction was affirmed on appeal *State v. Stevens*, 1998 Ohio App. LEXIS 1382 (Apr. 3, 1998), appellate jurisdiction declined, 82 Ohio St. 3d 1474 (1998).

About two years before that final state court judgment, President Clinton signed the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") which adopted for the first time a statute of limitations for habeas corpus cases beginning, with certain exceptions, on the date the judgment became final. Stevens' conviction

became final on the last day he could have filed in the United States Supreme Court for review by that Court. That was October 13, 1998, ninety days after the Ohio Supreme Court declined to hear the case. Unless he can bring himself within some exception, Stevens' last day to file for habeas corpus was October 13, 1999. He actually filed on July 15, 2016 (ECF No. 1).[1]

Stevens claims the state court judgment is void because the Montgomery County Common Pleas Court acted without jurisdiction (Objections, ECF No. 6, PageID 42). The Report noted that Stevens had cited no case precedent from either the Sixth Circuit or the Supreme Court which held that there was a "void judgment" exception to the habeas corpus statute of limitations (Report, ECF No. 5, PageID 37). In his Objections, Stevens again cites no law, but merely claims that a void judgment is "patently incapable of effectuating the 1-year time limitation of the AEDPA." Says who? This Court is bound to follow the law as Congress and the President have enacted it. The AEDPA says one year, not "one year unless you raise a void judgment claim."

Stevens uses a number of conclusory words to say why the statute of limitations does not apply – "simple justice," "due process," "fundamental fairness." But this Court's sense of what would be fair, just, or due process does not entitle it to ignore the law. And the law, repeatedly upheld by the Courts of Appeals and the Supreme Court, says one year.

Stevens does advert to one exception recognized by the courts: actual innocence. The statute of limitations is tolled for a habeas petitioner who can show he is actually innocent. *McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1928, 185 L. Ed. 2d 1019, 1035 (2013).

---

[1] The Clerk of the Northern District docketed the Petition on July 21, 2016, but Stevens avers that he placed the Petition in the prison mailing system on July 15, 2016, and he is entitled to that filing date. *Houston v. Lack*, 487 U.S. 266 (1988). See Report, ECF No. 5, PageID 37.

But Stevens has made no attempt to show he is actually innocent so as to come within the *McQuiggin* exception. All he does is recite the words "actual innocence." (Objections, ECF No. 6, PageID 42.) An error in the form of the judgment, such as Stevens claims, does not make one actually innocent. In habeas corpus jurisprudence, the phrase means "factually innocent" -- not the person who committed the crime. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998), *citing Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

Stevens argues that the Report "elevat[es] form over substance" and asserts that just "[b]ecause a federal court may apply procedural hurdles in order to foreclose relief to one whom [sic] is clearly deprived of his liberty without due process of law, doesn't make it right to do so." A federal judge's oath of office requires him or her to uphold the Constitution and laws of the United States, not to use his or her commission to do what he or she might think is just, regardless of the law. Stevens complains that the Ohio courts have not "applied the law as written," (Objections, ECF No. 6, PageID 43), but he doesn't want this Court to apply the law as written in the AEDPA.

In addition to the statute of limitations bar, the Magistrate Judge found Stevens' claims were barred by his procedural default in presenting them to the state courts (Report, ECF No. 5, PageID 38-39). The Second District Court of Appeals had enforced Ohio's criminal *res judicata* doctrine against Stevens, noting that his claim about the form of the judgment and that he was entitled to a three-judge court could have been raised on direct appeal but was not. In objecting on this point, Stevens again reverts to his "void judgment" mantra (Objections, ECF No. 6, PageID 44). But there is also no "void judgment" exception to federal procedural default doctrine.

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again respectfully recommends that the Petition be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 16, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).